

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00287-CR

CHRISTOPHER CRAWFORD                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1379428D

----------

## OPINION

----------

A jury convicted Appellant Christopher Crawford of felony driving while intoxicated (DWI),[1] and the trial court found the repeat offender allegation true and sentenced him to twelve years' confinement.[2]  In three issues, Appellant

---

[1]*See* Tex. Penal Code Ann. § 49.09(b) (West Supp. 2015).

[2]*See id.* § 12.33 (West 2011) (providing range of punishment for second-degree felony is two to twenty years' confinement and fine of up to $10,000), § 12.42(a) (West Supp. 2015) (providing person convicted of third-degree felony

challenges the sufficiency of the evidence that he operated the vehicle, contends that the State violated the rule of *Old Chief* regarding the jurisdictional prior DWI convictions,[3] and contests the sufficiency of the evidence proving the repeat offender allegation at punishment after he allegedly withdrew his plea of true. Because under the state of the law as it now exists, the trial court committed no reversible error, and the evidence is sufficient to support the verdict of guilt, the existence of the jurisdictional prior DWI convictions, and the repeat offender allegation, we affirm the trial court's judgment.

**Summary of Facts**

On April 22, 2014, a cashier working at a convenience store in Fort Worth looked up at the store's surveillance camera monitor and saw a red truck in the store's parking lot. Approximately fifteen minutes later, he took a cigarette break and noticed that the pickup truck was still sitting in the parking lot. The cashier noticed that the person in the truck, Appellant, appeared to be asleep.

The cashier went over to the truck and knocked on its windows several times over a period of two to three minutes. Appellant responded by slightly raising his head, opening his eyes, smiling, and then going back to sleep without verbally acknowledging the cashier. The cashier noticed that all of the windows

---

when prior felony conviction is also proved is punished for second-degree felony).

[3] *Old Chief v. United States*, 519 U.S. 172, 192, 117 S. Ct. 644, 655–56 (1997).

2

of Appellant's truck were rolled up, the doors were locked, and the engine was running.

The cashier waited about fifteen minutes while trying to decide what to do. He then knocked on the truck's window one more time, and, getting no response, he called 911 because "something was obviously wrong."

Tiffany Montoya, the first responding emergency medical technician (EMT) to arrive, approached the truck and saw Appellant sleeping inside. Montoya knocked on the window roughly ten times. Appellant woke up "in a real groggy state," looked at Montoya, and fell back asleep. After Montoya knocked again a couple of times, Appellant woke up and rolled down his window. Appellant complied with Montoya's request to turn off the truck and hand the keys to her. About that time, police officers arrived. As Montoya checked Appellant's vital signs, he admitted to using methadone at some point earlier in the day.

When Fort Worth police officer Kyle Davis arrived, he went to the passenger side of Appellant's truck while his partner went around to the driver's side to talk to Appellant. Davis noticed a glass pipe sitting in the truck's console. Davis searched Appellant and discovered another glass pipe in his pocket.

The officers requested assistance from a DWI unit, and Officer Juan Hernandez responded. Appellant told Hernandez that he had been driving from Fort Worth back to his home in Grand Prairie. Hernandez noticed that Appellant had "a distant gaze in his eyes" and that "[h]is pupils were very, very dilated," "to where when [Hernandez] shined [his] light in [Appellant's] eyes, they wouldn't

3

contract." Hernandez asked if Appellant had taken any kind of intoxicants, and Appellant stated that he had taken some methadone about 5:00 a.m. Hernandez noticed that as Appellant spoke, "he was getting a . . . white film on the corners of his mouth" and "a thick, white coat on his tongue."

Hernandez performed field sobriety tests and from those tests concluded that Appellant was under the influence of a substance other than alcohol and had lost the normal use of his mental and physical faculties. Hernandez arrested Appellant for DWI.

After Appellant declined to provide a blood sample, Hernandez took him to the city jail, obtained a warrant for a blood draw, and then took Appellant to John Peter Smith Hospital for the draw.

Appellant was charged by indictment with DWI—felony repetition. The indictment also included a repeat offender notice alleging that Appellant had previously been convicted of felony DWI in April 2005. Appellant pled not guilty to the charged offense and stipulated to the jurisdictional prior DWI convictions.

At trial, Cheryl Rhea Wheeler, the forensic toxicologist who analyzed Appellant's blood, testified that she detected methadone, its metabolite EDDP, cocaine, and benzomethamine in Appellant's blood. Another toxicologist performed a second analysis of Appellant's blood and detected the presence of THC.

Dr. Robert Johnson, chief toxicologist for the Tarrant County Medical Examiner's Office, testified that the blood tests had found methadone and EDDP,

4

cocaine and its metabolite benzylidene, and THC. Johnson testified that the half-life of methadone is ten to fifty-five hours, whereas cocaine is removed from the body very quickly.

Appellant's wife testified that she had spoken to him on the phone roughly an hour prior to his arrest and that he did not sound intoxicated. She stated that the truck had had problems before and that on that night, Appellant had told her that the truck was having mechanical problems and that he needed to have it towed. Appellant's father testified that when he later picked up Appellant's truck from the impound lot, he had trouble starting it, and it could not be driven.

At the arraignment on the repeat offender allegation, Appellant initially pled true. The trial court then took a recess before beginning the punishment phase. At punishment, the prosecutor queried whether defense counsel would stipulate to Appellant's criminal history in addition to the conviction alleged in the repeat offender notice. Appellant's counsel responded by stating that he would withdraw the plea of true because the agreement had been that the State would not delve into "anything else" if Appellant stipulated to the prior conviction alleged in the repeat offender notice. The prosecutor, a different prosecutor than the one who had bargained with defense counsel, took back the query, apologized, and asked the trial court to "consider everything in the guilt/innocence phase and whatever was stipulated by the Defense." The trial court never said anything about the attempted withdrawal of the plea, and defense counsel never objected or obtained a ruling on the issue. At the close of evidence at the punishment

5

phase, the trial court found the repeat offender allegation to be true based on Appellant's plea of true.

**Sufficiency of the Evidence**

In his first issue, Appellant argues that the evidence is insufficient to show that he operated a motor vehicle, a necessary element of the offense of DWI.[4] He specifically does not challenge the sufficiency of the evidence proving that he was intoxicated when the vehicle was driven. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[5] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[6]

The trier of fact is the sole judge of the weight and credibility of the evidence.[7] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment

---

[4]*See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2015).

[5]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

[6]*Id.*; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

[7]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

6

for that of the factfinder.[8]  Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[9]  We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[10]

The legislature has not defined the term "operate" in the context of the DWI statute.  The law is, however, well-established.  As our sister court in San Antonio has explained, to decide whether the evidence is sufficient to support the element of operating the motor vehicle, "courts examine all of the evidence to determine whether it supports a finding that [an a]ppellant exerted personal effort to cause the vehicle to function."[11]

Appellant was found sitting in the pickup alone, with the engine running and the gear shift in park.  When Montoya, the EMT, finally managed to rouse Appellant, he lowered his window and turned off the ignition of the vehicle.  Applying the appropriate standard of review, we hold that the evidence is sufficient to support the jury's finding that Appellant operated the motor vehicle

---

[8]*See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

[9]*Murray*, 457 S.W.3d at 448.

[10]*Id.* at 448–49.

[11]*Mitchell v. State*, 419 S.W.3d 655, 663 (Tex. App.—San Antonio 2013, pet. ref'd) (citing *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)).

while intoxicated.[12]  We overrule his first issue.

**Jurisdictional Prior DWI Convictions**

Appellant argues in his second issue that the trial court reversibly erred by allowing the State to refuse his offer to stipulate to the jurisdictional prior DWI convictions, to then discuss those prior convictions during voir dire, and to read the later agreed-upon stipulation to the jury.  Appellant relies on the rationale behind *Old Chief*.[13]  The State argues that *Old Chief* permits the reading of the two jurisdictional prior DWI convictions during the presentment of the indictment to the grand jury and that they are legitimate grounds for voir dire and closing arguments.

We adopt the reasoning and the concerns expressed in Judge Holcomb's concurring opinion in *Hollen v. State*,[14]

> I harbor grave concerns that, under the current law, felony DWI defendants will be convicted solely on their prior alcohol related convictions rather than on the offense charged, even when the defendant stipulates to the jurisdictionally required prior convictions. The danger is great, I believe, because the prior convictions the State is required to prove are for similar offenses, any of the specified alcohol related offenses.  These understandably arouse

---

[12]*See Denton*, 911 S.W.2d at 389–90; *Mitchell*, 419 S.W.3d at 663.

[13]*See Old Chief*, 519 U.S. at 192, 117 S. Ct. at 655–56 (prohibiting prosecutor from offering details of jurisdictional prior conviction when the defendant had stipulated to the jurisdictional prior conviction's existence); *Robles v. State*, 85 S.W.3d 211, 213–14 (Tex. Crim. App. 2002) (holding essentially same).

[14]117 S.W.3d 798 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 992 (2004).

strong emotions, especially in those whose lives have been touched by preventable alcohol related accidents. However, the State's interest in enhancing to felony range the punishment for those who increase their odds of causing such fatalities by tempting fate behind the wheel must be balanced against the defendant's right to be convicted on evidence beyond a reasonable doubt regarding his commission of the underlying offense of [DWI] at the alleged time and place.

This Court has previously, I believe rightly, held that where a defendant stipulates to the jurisdictional prior convictions, reading or introducing the stipulation to the jury is sufficient to meet the State's burden of proof, making extraneous evidence of the prior convictions, including the judgments, inadmissible under Texas Rule of Evidence 403. The majority opinion, in this case, makes clear that the jury will in some manner be informed of the prior convictions, that some form of proof of those priors will be introduced into evidence, and that the State may comment on the evidence of the priors throughout the trial because, having been introduced, that evidence becomes proper grounds for jury argument.

I write to emphasize what the majority's opinion does not hold. It does not hold that the jury must be informed of the specific nature of the prior offense; Texas Penal Code 49.09 requires only that the priors be among several specified alcohol related offenses which could be innocuously referred to by code section instead of by name. As the majority recognizes, the appellant did not object to the specific wording of the indictment, the stipulation, the State's references to the stipulation, or the instructions in the jury charge.

In the same vein, the majority does not hold that all references to the prior conviction evidence, regardless of context, [are] proper jury argument. Because proof of the prior convictions will be in evidence, that proof is properly the subject matter for proper jury argument: summation of evidence, reasonable deductions drawn from that evidence, answers to opposing counsel's argument, and a plea for law enforcement. That does not mean the State can refer to the proof in an inappropriate context, such as suggesting that the jury should find the defendant guilty of the current charge of DWI because he was already found twice guilty of a similar offense, or that the jury should take the prior convictions into account when considering whether there is a reasonable doubt the defendant was intoxicated on the date in question while operating a motor vehicle.

9

The majority also does not hold that repeated emphasis regarding the prior convictions, when stipulated, could not amount to error although the proof of the priors would generally be proper subject matter for jury argument.

Because the majority opinion does not so hold, there is still room to determine the balance that exists under current law between the State's burden of proof in a felony DWI and the defendant's right to be convicted of the crime charged on proof beyond a reasonable doubt. However, the majority opinion does hold that the allegations of the jurisdictional priors may be read as part of the indictment to the jury at guilt-innocence, that proof of the priors must be admitted into evidence even when the defendant stipulates to them, that the State may refer to the proof of the prior convictions, and that the jury instructions may instruct the jury on making a finding of the jurisdictional element based on the stipulation. Thus, even if minimized by the holdings of future cases, the risk of a verdict rendered on an improper basis remains. It is inherent in the legislature's method of enhancing the punishment for repeat offenders of certain alcohol related misdemeanor offenses, including drunk driving, to the ranges provided for felonies by creating a felony offense with two prior convictions as elements of the offense. As far as I am aware, this issue has only arisen in the context of felony prosecutions under Texas Penal Code 49.09.[15]

With these comments in mind, we note that Appellant was charged in the indictment with three prior DWI convictions, two as jurisdictional prior DWI convictions and the third as a repeat offender allegation. Before voir dire began, Appellant offered to stipulate to the two jurisdictional prior DWI convictions. Appellant also asked that the State not be allowed to read those enhancement allegations before the jury. The trial court denied that request, and Appellant entered his plea to the indictment as read. The repeat offender allegation was not presented to the jury.

---

[15]*Id.* at 802–04 (Holcomb, J., concurring) (citations omitted).

Appellant suggests that when a DWI defendant stipulates to the jurisdictional enhancements, the issue is uncontested and should be a matter to be determined by the trial court, not the jury. Although that is a common-sense approach to limiting the issues to be determined, the Texas Court of Criminal Appeals has informed us that it is not the law:

> We briefly summarize the current status of the law when a defendant offers to stipulate to the two jurisdictional prior DWI convictions in a felony DWI trial:
>
> 1) The State must plead two jurisdictional prior DWI convictions in a felony DWI indictment; it is the indictment that confers jurisdiction in the district court;
>
> 2) The State may (but is not required to) read the entire indictment, including the two jurisdictional allegations (but only those two), in arraigning the defendant in the presence of the jury;
>
> 3) Both the State and the defense may voir dire the jury concerning the range of punishment for both a felony and misdemeanor DWI;
>
> 4) Nothing in the law requires that the jury be informed of the particulars of the prior convictions in reading the indictment, voir dire, opening or closing arguments or in the jury charge itself;
>
> 5) A defendant's stipulation to the two prior DWIs, being in the nature of a judicial admission, has the legal effect of removing the jurisdictional element from contention; a defendant may not offer evidence or argument in opposition to his stipulation;
>
> 6) During the trial, the jury may be informed of the stipulation and any written stipulation may be offered into evidence before the jury, but the evidence is sufficient to support a defendant's conviction even if the stipulation is not given or read to the jury;

7) In a bench trial, the guilt and punishment stages are not bifurcated, so the State is not required to offer the stipulation during the initial portion of the hearing, even if the proceeding is improperly bifurcated.

To that list, we now add:

8) The jury charge must include some reference to the jurisdictional element of two prior DWI convictions in a felony DWI trial;

9) The jury charge must include some reference to the defendant's stipulation and its legal effect of establishing the jurisdictional element.

10) Any error in failing to include, in the jury charge, some reference to the jurisdictional element and the stipulation is analyzed under *Almanza*.[16]

It is unclear why the indictment must confer jurisdiction on Criminal District Court Three of Tarrant County (CDC 3) by alleging two "jurisdictional" prior DWI convictions when article 4.05 of the code of criminal procedure grants all criminal district courts original jurisdiction over felony cases[17] and government code section 24.910(c) already confers misdemeanor jurisdiction on CDC 3.[18] That is, CDC 3 would have had jurisdiction over this case whether a Class B misdemeanor DWI, a Class A misdemeanor DWI, or a felony DWI was alleged. Nevertheless, we are constrained by the authority of the Texas Court of Criminal

---

[16]*Martin v. State*, 200 S.W.3d 635, 640–41 (Tex. Crim. App. 2006) (footnotes omitted).

[17]Tex. Code Crim. Proc. Ann. art. 4.05 (West 2015).

[18]Tex. Gov't Code Ann. § 24.910(c) (West 2004) (giving Tarrant County Criminal District Courts 1, 2, and 3 "concurrent original jurisdiction with the county criminal courts over misdemeanor cases").

Appeals to hold that the trial court did not err by allowing the State to inform the jury of the prior DWI convictions and to present evidence of them to the jury to support the jury's determination of the sufficiency of the proof of those prior DWI convictions. We overrule Appellant's second issue.

**Sufficiency of the Evidence of Repeat Offender Allegation**

In his third issue, Appellant argues that this court should vacate his sentence and remand this cause for a new punishment trial because he withdrew his plea of true to the repeat offender allegation, and the State did not otherwise prove the prior conviction alleged therein. The record does not clearly show that Appellant permanently withdrew his plea of true, but the record does clearly show that the trial court relied on Appellant's plea of true.

To the extent that Appellant is arguing that the trial court abused its discretion by refusing to allow him to withdraw the plea or by relying on the plea, such complaint is forfeited. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[19] Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the

---

[19]Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd).

13

complaining party must have objected to the trial court's refusal to rule.[20]  A reviewing court should not address the merits of an issue that has not been preserved for appeal.[21]

At punishment, the State requested "to see if Defense counsel [was] willing to stipulate to the priors."  Defense counsel then stated that he was withdrawing the plea of true because "[w]e were misled, I guess, by the State who said that they weren't going to go into anything else if we just stipulated to the prior conviction."  The trial court did not say anything.  Defense counsel did not object or otherwise press the trial court for a ruling.  The prosecutor then stated, "My apologies, if that was a bargain of exchange then I redact that.  And ask the Court [to] consider everything in the guilt/innocence phase and whatever was stipulated by the Defense."  The trial court then said, "Okay.  And the State rests?"  The prosecutor answered affirmatively, the trial court asked, "What says the Defense?" and defense counsel indicated that the defense would call Appellant and his wife as witnesses.

Before the prosecutor who had made the bargain cross-examined Appellant, the prosecutor stated,

> And just to be clear, I did talk to Defense counsel in the back about stipulating to the felony prior, but now that the Defendant is testifying I intend to ask about his criminal history, in light of his testimony.  I

---

[20]Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013).

[21]*Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

14

> mean, I told Defense counsel I was not going to prove them up with the fingerprint expert, but because he's testifying I do intend to ask him about his criminal history. Just so the Defense is on notice.

The trial court answered, "All right"; defense counsel did not say anything. Further, at closing argument, defense counsel seems to have implied that the plea was still true when he asked for "a lower sentence, five to six years in the penitentiary" and "a low sentence in the single digits." A third-degree felony with no enhancements has a range of confinement of two to ten years and only one two-digit possibility in years of confinement; five to six years' confinement would not normally be considered "a lower sentence" for an unenhanced third-degree felony.[22]

After closing argument, the trial court found the repeat offender allegation true based on Appellant's plea of true and asked if there was "any legal reason why sentence should not be pronounced." Defense counsel stated that there was not. Finally, when the trial court announced Appellant's sentence, the trial court asserted that the sentence was based in part upon the trial court's having found the repeat offender allegation true. Defense counsel did not complain. Thus, to the extent that Appellant now complains that the trial court abused its discretion by relying on his plea of true or by refusing to allow him to withdraw the plea of true, we hold that he forfeited such complaint by never giving the trial

---

[22]*See* Tex. Penal Code Ann. § 12.34(a) (West 2011).

15

court the opportunity to address the complaint.[23]

As for Appellant's sufficiency complaint, the State's burden of proving an enhancement allegation is satisfied when a defendant pleads true.[24]  Otherwise, the State must prove the allegation beyond a reasonable doubt.[25]  We hold that Appellant's plea of true is sufficient evidence of the felony DWI conviction alleged in the repeat offender notice.

But in the interest of justice and clarity, we note that even if Appellant's plea of true had been validly withdrawn, the totality of the evidence here establishes beyond a reasonable doubt that Appellant was previously convicted of the felony DWI described in the repeat offender allegation.[26]  The prosecutor arraigned Appellant on the repeat offender notice by reading the repeat offender notice aloud on the record.   On cross-examination in the punishment trial, Appellant admitted to his prior DWI convictions:

Q.    So this—[Appellant], this would be your fourth DWI conviction; is that correct?

A.    Yes.

Q.    And your second felony DWI, correct?

[23] *See* Tex. R. App. P. 33.1(a); *Douds*, 472 S.W.3d at 674; *Everitt*, 407 S.W.3d at 263.

[24] *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App.) (op. on reh'g), *cert. denied*, 454 U.S. 840 (1981).

[25] *Wood v. State*, No. PD-0061-15, 2016 WL 1359169, at *4 (Tex. Crim. App. Apr. 6, 2016).

[26] *See id.* at *5.

A.    Yes.

Appellant's testimony indicates that he had one and only one prior felony DWI conviction. The trial court already knew its details, as did Appellant, who had originally pled true to them after being arraigned before the trial court and on the record. Viewing the evidence in the light most favorable to the trial court's finding of true, we hold that even if Appellant's plea of true had been withdrawn, a rational trier of fact could have found the felony DWI alleged in the repeat offender notice true and could have connected Appellant to that conviction beyond a reasonable doubt.[27]

Because the evidence is sufficient to support the trial court's determination that Appellant had been previously convicted of the felony DWI conviction alleged in the repeat offender notice, we overrule Appellant's third issue.

**Conclusion**

Having overruled Appellant's three issues, we affirm the trial court's judgment.

---

[27] *See id.*

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT and GARDNER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED:  June 23, 2016