**Opinion issued December 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00986-CR**

**NO. 01-16-00987-CR**

———————————

**VIRGIL JAMES LACKEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1450539 & 1492132[1]**

---

## MEMORANDUM OPINION

Appellant, Virgil James Lackey, pleaded guilty to engaging in organized criminal activity and possession of cocaine. After ordering a pre-sentence

---

[1]     Trial court cause number 1450539; appellate cause number 01-16-00986-CR.
Trial court cause number 1492132; appellate cause number 01-16-00987-CR.

investigation (PSI) report, the trial court assessed appellant's punishment at 40 years in prison for each offense with the sentences to run concurrently. In three points of error, appellant argues that (1) the evidence is legally insufficient to support his conviction for engaging in organized criminal activity; (2) the trial court erred by entering an affirmative finding of a deadly weapon; and (3) his failure to plead true to the enhancement paragraph in each case rendered the trial court's finding on the enhancements erroneous.

We affirm.

## Background

Police initiated an undercover operation to arrest a "crew" that had been robbing drug dealers in the Houston area. During the police operation, appellant and a number of other co-defendants agreed to conduct an armed robbery of a warehouse that was thought to contain drugs. On December 4, 2014, appellant and co-defendants robbed the warehouse but were apprehended by police shortly thereafter.

In cause number 1450539, the State charged appellant by indictment with the felony offense of possession with intent to deliver cocaine, in an amount weighing 400 grams or more. In cause number 1492132, the State charged appellant by indictment with the felony offense of engaging in organized criminal activity. Both indictments also alleged that appellant used or exhibited a deadly weapon while

committing the offense or during the immediate flight therefrom and that appellant had a prior felony conviction for theft.

At the plea hearing, appellant pleaded guilty to both offenses without an agreement with the State as to a punishment recommendation. When the trial court asked if appellant had been previously convicted of theft in cause number 0655461, appellant answered affirmatively. The trial court deferred adjudication of guilt and sentencing to review a PSI report.

On November 30, 2016, the trial court found appellant guilty of both offenses and sentenced him to 40 years in prison with the sentences to run concurrently and entered a deadly weapon finding in both judgments. Appellant timely appealed.

## Continuing Criminal Activity

In his first point of error, appellant argues that the evidence is legally insufficient to sustain his conviction for engaging in organized criminal activity because the State presented no evidence of continuing criminal activity.

### Standard of Review

Before a trial court may render a judgment of conviction in a felony case in which the defendant has pleaded guilty, the State must produce evidence of the defendant's guilt that is "in addition to, and independent of, the plea itself." *See Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) ("In no event shall a person charged be

3

convicted [of a felony] upon his plea without sufficient evidence to support the same."). The State may satisfy this burden with several forms of evidence, including a written confession. *See Menefee*, 287 S.W.3d at 13–14. The evidence is sufficient so long as it "covers all of the elements of the charged offense." *Id*.

**Analysis**

A defendant commits the offense of engaging in organized criminal activity if, with the intent to establish, maintain, or participate in a combination, he commits or conspires to commit one or more of the enumerated offenses, including theft. TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2016). Section 71.01(a) defines a "combination" as three or more persons who collaborate in carrying on criminal activities. *Id*. § 71.01(a) (West 2011). The Court of Criminal Appeals has construed this language as requiring a "continuing course of criminal activities." *Nguyen v. State*, 1 S.W.3d 694, 697 (Tex. Crim. App. 1999). It involves more than the intent to merely commit an enumerated offense, a plan to commit a single act, or proof of working jointly to commit a crime—it requires proof of continuity. *Hart v. State*, 89 S.W.3d 61, 63–64 (Tex. Crim. App. 2002); *Nguyen*, 1 S.W.3d at 696–97. The activities do not have to individually be criminal offenses to satisfy the statutory requirement, and a single criminal offense can be sufficient. *Nguyen*, 1 S.W.3d at 697; *see also Dowdle v. State*, 11 S.W.3d 233, 236 (Tex. Crim. App. 2000) (continuous activities after shooting included fleeing, re-grouping, discussing plan

4

of action, and traveling to another country with stolen goods). However, the statute requires proof of intended continuity, i.e., that "the appellant intended to establish, maintain, or participate in a group of three or more, in which the members intend to work together in a continuing course of criminal activities." *Nguyen*, 1 S.W.3d at 697.

At the plea hearing, the trial court asked appellant how he pleaded to the offense of engaging in organized criminal activity, and appellant answered "guilty." The trial court informed appellant that the State still had to introduce evidence that supports the finding. The trial court indicated that she had reviewed the State's exhibit one and saw documents that appellant had signed. The trial court asked if appellant had reviewed the documents with his attorney and understood them, and appellant answered, "yes." The State offered and the trial court admitted State's exhibit one into evidence.

State's exhibit one reflects that appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," stating that appellant

> on or about December 4, 2014, did then and there unlawfully, with intent to establish, maintain and participate in a combination and in the profits of a combination, said combination consisting of Stanley White, [appellant] Vedrick Lackey, Trevion Mason, Patrick Cooper, and Denzell Lucious, conspire to commit the offense of aggravated robbery, namely, in that he did unlawfully and the defendants did then and there agree with members of the aforesaid combination to engage in conduct constituting said offense, and pursuant to such agreement the defendants performed the following overt acts, to-wit: arrive to 21145

5

FM 529, Katy, Harris County, Texas with a deadly weapon and remove kilograms of cocaine from a building.

Appellant's judicial confession also stated, "I committed this offense along with Vedrick Lackey, Trevion Mason, Patrick Cooper and Stanley White" followed by appellant's signature.

Appellant's written confession is sufficient to substantiate his plea of guilty because it covers all of the essential elements of the offense of engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a)(1); *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence."). Accordingly, we conclude that the State satisfied its burden of proof. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15.

We overrule appellant's first point of error.

## Deadly Weapon Finding

In his second point of error, appellant argues that the trial court erred by entering an affirmative finding of a deadly weapon in both judgments. Specifically, appellant argues that the State presented no evidence in either case to sustain the deadly weapon finding.

### Standard of Review

6

The code of criminal procedure authorizes the entry of a deadly weapon finding when it is shown that the defendant used or exhibited a deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited, as defined in section 1.07 of the penal code, during the commission of a felony offense. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2016). Under section 1.07, a firearm is a deadly weapon per se. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West Supp. 2016). If the State alleges and proves that a weapon is a firearm, or anything else manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, the State need not prove that the object was actually capable of causing death. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); *Grant v. State*, 33 S.W.3d 875, 881 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (no requirement that gun be loaded to be considered deadly weapon).

A defendant uses a deadly weapon during the commission of the offense when the weapon is employed or utilized to achieve its purpose. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Use of a deadly weapon refers to the wielding of a firearm with effect, but also extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. *Plummer v. State*, 410 S.W.3d 855, 864–65 (Tex. Crim. App. 2013); *Patterson*, 769 S.W.2d at 941. To exhibit a deadly weapon, the weapon need only

7

be consciously displayed during the commission of the offense. *Patterson*, 769 S.W.2d at 941. Thus, one can use a deadly weapon without exhibiting it, but it is doubtful one can exhibit a deadly weapon during the commission of a felony without using it. *Id*. In the context of violent offenses, if a person exhibits a deadly weapon, without overtly using it to harm or threaten while committing a felony, the deadly weapon still provides intimidation value that assists the commission of the felony. *Plummer*, 410 S.W.3d at 862. In reviewing appellant's issue, we review the record to determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that appellant used or exhibited a firearm during commission of the offense. *See Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003).

In any felony offense in which it is "shown" that the defendant "used or exhibited [a] deadly weapon[,]" the trial court "shall" enter a deadly weapon finding in the judgment. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2). Such a deadly weapon finding impacts a convicted felon's eligibility for community supervision, parole, and mandatory supervision. *Id*.; TEX. GOV'T CODE ANN. §§ 508.145(d)(1), 508.149(a)(1), & 508.151(a)(2) (West Supp. 2016). A presumption of truthfulness and regularity applies to documents filed in the trial court. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). A judicial confession is sufficient evidence to show that a defendant used a deadly weapon, and the record need not

8

otherwise provide proof. *Keller v.* State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003) (concluding that appellant's stipulation of guilt and judicial confession are sufficient evidence to show that he used deadly weapon), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004).

**Analysis**

Here, appellant judicially confessed to committing each offense. Each judicial confession stated that "at the time that the Defendant committed the felony offense of engaging in organized crime on or about December 4, 2014, as hereinabove alleged, he used and exhibited a deadly weapon, a firearm, during the commission of said offense and during the immediate flight from said offense." He further stated, "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on December 4, 2014." We conclude that appellant's stipulation of guilt and judicial confession are sufficient evidence to support the judgment under Article 1.15 of the Code of Criminal Procedure. *See id.*

We overrule appellant's second point of error.

**Failure to Plead True to Enhancements**

In his third point of error, appellant argues that his failure to plead "true" to the enhancement paragraph in each case rendered the trial court's enhancement findings insufficient.

Appellant points out that at the plea hearing, the trial court stated, "So I need to confirm with you, [appellant], that you were previously convicted on March 2, 1993, in Cause No. . . . 0655461 in the 208th of the felony offense of theft. Is that true?" Appellant responded, "Yes, ma'am." Appellant appears to contend that because appellant did not specifically say "true" to the enhancement, the State was required to prove the previous conviction.

Appellant did not object during the plea hearing, nor did he object during the sentencing hearing, to the manner in which the trial court accepted his plea. Accordingly, any error in the manner by which the district court accepted appellant's pleas of true to the two offenses has been waived. *See* TEX. R. APP. P. 33.1; *Roberson v. State*, 420 S.W.3d 832, 838 n.2 (Tex. Crim. App. App. 2013); *Crawford v. State*, 496 S.W.3d 334, 343–44 (Tex. App.—Fort Worth 2016, pet. ref'd); *see also Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) (observing that if appellant had objected to trial court's procedures during punishment hearing, any "problem could have been easily remedied" at that time).

Even if the issue had been preserved, we would still conclude that appellant pleaded true to the enhancements in both offenses. The record reflects that in each case, the document entitled "Waiver of Constitutional Right, Agreement to Stipulate, and Judicial Confession" included the enhancement, "Before the commission of the offense alleged above, on March 2, 1993, in Cause Number "655461 in the 208th

District Court of Harris County, Texas, the Defendant was convicted of the felony offense of theft."

In his judicial confession, appellant stated, "I understand the above allegations and I confess that they are true. . . ." Moreover, when asked if it was true that appellant had been previously convicted in the enhancement offense, appellant answered in the affirmative. Because the allegations included the enhancement paragraph for each offense, appellant's judicial confession included a confession that the enhancement paragraphs were also true. *See Wilburn v. State*, No. 01–07–00830–CR, 2008 WL 2611933, at *3 (Tex. App.—Houston [1st Dist.] July 3, 2008, pet. denied) (mem. op., not designated for publication) (finding that defendant's confession to primary offense also confessed truth of prior offenses listed in judicial confession). We therefore conclude that the trial court properly found that appellant pleaded true to the enhancement allegations in each offense.

We overrule appellant's third point of error.

## Conclusion

We affirm the judgment of the trial court.

Sherry Radack
Chief Justice

11

Panel consists of Chief Justice Radack and Justices Keyes and Caughey.

Do not publish. *See* TEX. R. APP. P. 47.2(b).