**AFFIRM; and Opinion Filed November 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01325-CR

**DEANN ROCHELLE FLOYD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1710870-R**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Following a jury trial, Deann Rochelle Floyd appeals a conviction for theft of property valued at less than $2500, with two prior theft convictions. In a single issue, appellant contends the evidence is insufficient to prove the prior theft convictions. We affirm.

A person commits theft if she unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). The offense is a state jail felony if the value of the property stolen is less than $2500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D). When a misdemeanor theft is elevated to a felony theft, the State must prove both the underlying theft and at least two prior theft convictions. *Barnes v. State*, 103 S.W.3d 494, 49 (Tex. App.—San Antonio 2003, no pet.) (citing

*Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. [Panel Op.] 1980)). The prior theft convictions become jurisdictional elements of the theft charge. *Id.*

Appellant was indicted for an August 2017 theft from a Walmart in Dallas County. The indictment alleged she had two prior theft convictions, one out of Nueces County in 2009 and one out of Hidalgo County in 2004. The State later filed a motion to amend the indictment. The State sought to amend the paragraphs involving the prior theft convictions. Instead of the Hidalgo County conviction, the State sought to allege a 2013 theft conviction out of Dallas County. In addition, the State sought to modify the cause number for the Nueces County theft conviction from CR09001714C to 09-CR-1714-C. At a hearing on the State's motion a few days before trial, appellant affirmatively stated she had no objection to the amendments and waived her right to a continuance to respond to them. The trial court signed an order granting the State's motion.

When the case went to trial, appellant pleaded not guilty. Her signed written stipulation that she had two prior theft convictions was admitted into evidence. The theft convictions specified in the stipulation of evidence matched the allegations in the State's motion to amend. After hearing from the State's witnesses regarding the events at Walmart, the jury found appellant guilty and assessed her punishment at seven years' confinement.

In this appeal, appellant contends the evidence is legally insufficient to support her conviction because the State did not prove up the two prior theft convictions alleged in the original indictment. According to appellant, the State's attempt to amend the indictment was ineffective because the amendments were not interlineated into the original indictment, nor did the trial court's order contain the amendments.

In reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable

doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). We measure the evidence by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018) (quoting *Malik*, 953 S.W.2d at 240).

For purposes of this appeal, we need not decide whether the indictment was properly amended and express no opinion on that issue. Appellant has not directly raised an issue complaining about the amendments and only does so indirectly by her sufficiency challenge. Appellant waived any error in the amendment of the indictment by failing to object in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (if defendant does not object to defect, error, or irregularity of form or substance in indictment before date on which trial on merits commences, she waives and forfeits right to object and may not raise objection on appeal); *Adams v. State*, 179 S.W.3d 161, 163 (Tex. App.—Amarillo 2005, no pet.). When a defendant fails to preserve error related to amendment of an indictment, we review her challenge to the sufficiency of the evidence based on the amended indictment, not the original indictment. *See Trevino v. State*, 470 S.W.3d 660, 663 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *cf. Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (where defendant preserved meritorious issue about erroneous amendment of indictment, sufficiency is measured against original indictment). Thus the hypothetically correct charge for this case contains the prior theft convictions alleged in the amended indictment. Appellant stipulated that she was convicted of those two prior thefts. The

evidence is legally sufficient to support her 2017 conviction. *See Crawford v. State*, 496 S.W.3d 334, 342 (Tex. App.—Fort Worth 2016, pet. ref'd). We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

171325F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEANN ROCHELLE FLOYD, Appellant

No. 05-17-01325-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1710870-R.
Opinion delivered by Justice Brown,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of November, 2018.