

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0061-15

**CARLTON WOOD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

MEYERS, J., delivered the opinion of the Court in which JOHNSON, KEASLER, HERVEY, ALCALA, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., filed a dissenting opinion. YEARY, J., did not participate.

### O P I N I O N

Appellant, Carlton Wood, was found guilty of evading arrest and the trial court found that the enhancement alleged in the indictment was "true." Appellant was sentenced to four years' imprisonment. He appealed, arguing that there was no basis for the trial court's finding that the enhancement paragraph was "true." The court of appeals held that the State failed to prove the conviction used for enhancement. *Wood v. State*, 453 S.W.3d 488, 492 (Tex. App.–San Antonio 2014). The court of appeals reversed the

punishment portion of the judgment and remanded the case for a new punishment hearing.  *Id*.

The State filed a petition for discretionary review raising the following three grounds for review:

> 1.  The court of appeals erred by refusing to apply a presumption that the defendant pled "true" to the enhancement.
> 2.  Where the trial court finds an enhancement "true" and the defendant does not object, the presumption should be applied.
> 3.  The evidence supported the court's finding of "true," contrary to the court of appeals's holding.

Although we will not apply a presumption that Appellant pled "true," we conclude that the evidence in this case was sufficient to prove the enhancement allegation.  We will reverse the court of appeals.

## FACTS

Appellant was charged with evading arrest with a vehicle, a third-degree felony. The indictment contained an enhancement paragraph alleging that Appellant was previously convicted on September 23, 2002, of third-degree-felony possession of a controlled substance.  If found "true," the enhancement would elevate the punishment range for evading arrest from that for a third-degree felony to that for a second-degree felony, and Appellant would be eligible for two to twenty years' imprisonment. Appellant pled not guilty to the charged offense, but the record does not indicate whether he entered a plea to the enhancement allegation.  At the bench trial, the State asked Appellant about two prior drug charges–one from October 2000 and one from February

2002. The only evidence the State presented related to those charges was the following questioning of Appellant during the bench trial:

> THE STATE: Isn't it true that you have been to prison before?
> THE DEFENDANT: Yes, I've been to prison before.
> THE STATE: And what did you go to prison for?
> THE DEFENDANT: I went to prison for a controlled substance.
> THE STATE: Okay. Is that a drug charge?
> THE DEFENDANT: Yes, ma'am, it is a drug charge.
> THE STATE: And have you been to prison once or twice?
> THE DEFENDANT: I've been to prison once.
> THE STATE: Okay. And do you have one drug conviction or two drug convictions?
> THE DEFENDANT: One drug conviction.
> THE STATE: Isn't it true that you were charged with a possession of a controlled substance 1 to 4 grams from an offense that occurred on October 30th, 2000; is that true?
> THE DEFENDANT: It was in the 2000s. I don't know if it was 2002.
> THE STATE: Okay. And then wasn't there also a possession with intent to deliver 4 to 200 grams on February 7th, 2002?
> THE DEFENDANT: I was charged with the lesser offense.
> THE STATE: I'm sorry?
> THE DEFENDANT: I was charged with – with the lesser offense of the offenses you're speaking of.
> THE STATE: Okay. So your -- your testimony is that there were not two different drug charges?
> THE DEFENDANT: I was convicted for one charge.
> THE STATE: Okay. So you've been to prison before for a drug charge; right?
> THE DEFENDANT: Yes, I have.

The State did not ask Appellant about the September 23, 2002 offense that was alleged in the enhancement paragraph. The trial court found Appellant guilty of evading arrest with a vehicle as charged in the indictment and ordered a pre-sentence investigation report. The criminal docket sheet from the day of the trial has an entry stating that the enhancement was found "true."

At the punishment hearing, prior to any testimony or evidence being presented, the trial court stated on the record that it found the enhancement allegation was "true." After the State and the defense presented arguments related to punishment, the following exchange occurred:

> THE COURT: How long did you actually serve on that six-year term, Mr. Wood?
> THE DEFENDANT: The full six years, Your Honor.
> THE COURT: How come?
> DEFENSE COUNSEL: No, you were on parole for three years.
> THE DEFENDANT: For three.
> THE COURT: So you did three.
> THE DEFENDANT: Be specific, yes. Three on parole and three.

The judge assessed a sentence of four years. The judgment of conviction reflects that Appellant pled "true" to the enhancement paragraph and that it was found "true."

## COURT OF APPEALS

On appeal, Appellant argued that the State failed to prove the prior conviction used for enhancement. Citing *Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007), the court of appeals said that, to use a prior conviction for enhancement purposes, the State must prove beyond a reasonable doubt the existence of the prior conviction and the defendant's link to that conviction. If the defendant has not pled "true" to the enhancement allegation, the State must introduce evidence to prove the allegation and the trier of fact must consider whether the totality of the evidence establishes beyond a reasonable doubt that the defendant was previously convicted of the enhancement offense. *Wood*, 453 S.W.3d at 491. Although the judgment says that Appellant pled

"true," the record does not show that he entered any plea to the enhancement allegation. Because there was no plea of "true" in the record, the court of appeals considered whether the State proved the enhancement allegation beyond a reasonable doubt. The court of appeals determined that the State failed to present evidence that Appellant was convicted of the enhancement offense alleged in the indictment. *Id*. at 492. The court of appeals held that, without the presentation of even prima facie evidence of the conviction, there was no presumption of regularity attached to the judgment's recital that Appellant pled "true." *Id*. Concluding that a failure of proof on an enhancement allegation is not subject to a harm analysis, the court of appeals reversed the punishment portion of the judgment. *Id*.

## ARGUMENTS OF THE PARTIES

The State asserts that the pre-sentence investigation report contained information about Appellant's prior conviction and sentence. Although the report is not in the record, the State asserts that the judge reviewed it prior to sentencing. According to the State, Texas Rule of Appellate Procedure 44.2(c) requires the court of appeals to presume that Appellant pleaded to the indictment.[1] The State disagrees with the court of appeals's reliance on *Wilson v. State*, 671 S.W.2d 524 (Tex. Crim. App. 1984) and argues that the court of appeals erred in failing to apply a presumption that Applicant pled "true" to the enhancement. The State says that, because Rule 44.2(c) was promulgated after this

---

[1]Unless otherwise noted, future references to Rules refer to Texas Rules of Appellate Procedure.

Court's decision in *Wilson*, the rule now controls this situation. The State defines a presumption as "a fact to be presumed without evidence" and says that the court of appeals's holding that a presumption applies only when there is evidence to support it misunderstands the nature of a presumption. The State says that a presumption of regularity in proceedings should control unless an error was raised in the trial court or the record affirmatively demonstrates that an error occurred. And silence in the record does not amount to an affirmative showing. Because the judgment in this case also says that Appellant pled "true" to the enhancement, the State contends that there should be a presumption that this is accurate unless there is direct proof otherwise.

The State argues that there was sufficient evidence to prove that Appellant had been convicted of the enhancement offense because the trial court had the pre-sentence investigation report, and Appellant admitted that he had been convicted of possession of a controlled substance and testified that he had served time for that conviction. The State says that, although Appellant did not remember the exact year of his conviction, he clearly knew which conviction the State alleged and had notice of which prior conviction the State intended to rely on for enhancement. The State asserts that the court of appeals's holding requiring documentary evidence of the prior conviction contradicts our holding in *Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007).

Appellant disagrees with the State's assertion that we should consider evidence that is not in the record, such as what may have been contained in the pre-sentence investigation report and any plea that may have occurred off the record. Appellant says

that the presumption from Rule 44.2(c)(4), that a defendant pled to an indictment, should not be extended to a presumption that he pled "true" to an enhancement allegation. Appellant pled not guilty to the indictment, which placed the burden on the State to prove each allegation in the indictment, including the enhancement paragraph, beyond a reasonable doubt. Appellant says that the court of appeals correctly held that a plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record and the record here contains no such evidence. According to Appellant, *Wilson* has been followed numerous times since 1986, thus it was not overruled by the promulgation of Rule 44.2(c)(4). Appellant contends that his plea of "not guilty" to the indictment should be interpreted as also pleading "not true" to the enhancement paragraph contained in the indictment. Because there is no plea of "true" in the record, Appellant says we must analyze whether the State proved beyond a reasonable doubt the existence of a prior conviction and his link to that conviction. Appellant contends that the State failed to introduce evidence sufficient to establish that he was convicted of the September 23, 2002 offense alleged in the enhancement paragraph of the indictment. He says that his testimony that he had served time in prison "in the 2000s" for "one drug conviction" was insufficient to prove that he was convicted of third-degree felony possession of one to four grams of a controlled substance. According to Appellant, his testimony could have been about a misdemeanor drug offense that could not be used for enhancement.

Appellant says that the State failed to present even prima facie evidence of the conviction alleged for enhancement, thus, under *Fletcher v. State*, 214 S.W.3d 5 (Tex.

Crim. App. 2007), no presumption of regularity attached to the judgment's recital as to the enhancement, and he was under no obligation to object to any defect in the judgment concerning the enhancement allegation. Appellant contends that the cases cited by the State are distinguishable in that they relate to whether the enhancement paragraph was read to the jury, which is not the issue raised here. Appellant argues that his punishment was enhanced based on a conviction that the State did not prove and such a failure of proof is not subject to a harm analysis.

## CASE LAW

A plea of "true" will satisfy the State's burden of proving an enhancement allegation, but there must be affirmative evidence in the record showing that the defendant entered a plea of "true." *Wilson*, 671 S.W.2d 524. If there is no affirmative evidence in the record showing a plea of "true" to the enhancement, we require the State to prove the allegation beyond a reasonable doubt. In *Flowers*, 220 S.W.3d 919, we considered what evidence the State may use to meet this burden. The trial court in *Flowers* admitted into evidence the defendant's Texas driver's license record and a computer printout of his conviction record that was certified by the county clerk's office. Based on this evidence, the trial court found the enhancement allegation to be true and sentenced the defendant accordingly. Flowers appealed, arguing that because the computer printout was not a judgment, the evidence was insufficient to prove his prior conviction for enhancement purposes. The court of appeals concluded that the properly authenticated computer printout contained enough information and indicia of reliability to

substitute for a judgment and, combined with the driver's license record, was sufficient to link Flowers to the offense alleged for enhancement. *Id*. at 921. We said that to show that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that the prior conviction exists and that the defendant is linked to the conviction, but there is no specific manner of proof that is required to establish these two elements. *Id*. at 921-22. We also looked to Chapter 12 of the Texas Penal Code and Article 37.07 of the Code of Criminal Procedure, both of which allow for the consideration of a defendant's prior criminal record, and found no requirement that a specific document be introduced as evidence. *Id*. at 922. We concluded that the State may introduce documents, admissions or stipulations, or testimonial evidence sufficient to prove that the defendant was convicted of the enhancement allegation. *Id*. at 921-22. The trier of fact is allowed to consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation. *Id*. at 923.

Appellant cited *Fletcher v. State*, 214 S.W.3d 5, for the propositions that, without prima facie evidence of the conviction used for enhancement, no presumption of regularity should apply to the plea of "true" listed in the judgment, and that he was not obligated to object to the judgment. *Fletcher*, however, is distinguishable from the case before us in that it relates to the finality of the conviction alleged for enhancement and not to a presumption that a plea of "true" was entered. We said in *Fletcher* that, if the State provided prima facie evidence of an enhancement conviction, we would presume that the conviction was final even if the record was silent on that issue. *Id*. at 8. However,

because Fletcher had shown at punishment that the conviction alleged for enhancement had been appealed, and the State failed to make a prima facie showing that the alleged conviction was final, we held that the court of appeals erred in taking judicial notice of the mandate issued for the enhancement offense and remanded the case to the trial court for a new punishment hearing. *Id*. at 9.

### ANALYSIS

The State argues that, because there is no evidence to the contrary, we should presume that Appellant pled "true" to the enhancement as reflected in the judgment. The State relies on Rule of Appellate Procedure 44.2(c), which provides presumptions of regularity relating to reversible error in criminal cases, including the presumption that the defendant entered a plea. Specifically, subsection (c)(4) states, "Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume: (4) that the defendant pleaded to the indictment or other charging instrument." Appellant did enter a plea of not guilty on the record, but because the record is silent as to his plea to the enhancement paragraph, the State says we should presume the accuracy of the judgment's entry that he pled "true to repeater."

In its first ground for review, the State argues that the court of appeals erred by refusing to apply a presumption that Appellant pled true to the enhancement. We disagree. Although the judgment says that the plea to the enhancement paragraph was "true to repeater," the rest of the record shows the contrary. Appellant pled not guilty to

the indictment, offered testimony and evidence at the bench trial in an attempt to refute the officer's testimony, and requested probation at punishment. This indicates that his guilt and punishment were disputed in the trial court. When we have, on the record, a plea of not guilty to the indictment, and the record shows that the defendant disputed his guilt and punishment, we will not presume that he pled "true" to the enhancement paragraph of the indictment.

In its second ground for review, the State argues that when the trial court finds an enhancement "true" and the defendant does not object, the presumption should be applied. Again, we disagree. The burden is on the State to prove each element in the indictment. Here, the court's finding of "true" indicates that the court believed the State met this burden. Even though Appellant did not object to this finding, we will not apply a presumption that he entered a plea of "true" to the enhancement allegation, much like we would not presume that a defendant entered a plea of guilty when he fails to object to a guilty verdict.

The State's third ground for review argues that the evidence supported the court's finding of "true," contrary to the court of appeals' holding. Here, we agree with the State. A trial court must consider whether the totality of the evidence establishes beyond a reasonable doubt that the defendant was previously convicted of the enhancement offense. The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. In reviewing the sufficiency of the

evidence to support a finding that an enhancement is "true," we consider all the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. As we said in *Flowers*, the trier of fact is allowed to consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation. 220 S.W.3d at 923. We likened the evidence to pieces of a jigsaw puzzle, where the pieces alone may have little meaning but when put together form a picture showing that the defendant is the person who committed the alleged prior offense. *Id.* (citing *Human v. State*, 749 S.W.2d 832 (Tex. Crim. App. 1988)). We stated that

> [t]he trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted. If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction.

*Flowers*, 220 S.W.3d at 923.

It appears that the court of appeals failed to view the evidence in the light most favorable to the trial court's finding of "true." Although the State may have recited the incorrect date for the enhancement offense while questioning Appellant at the bench trial, the record indicates sufficient evidence to link Appellant to the enhancement offense. The September 23, 2002 offense alleged in the enhancement paragraph of the indictment

was the only charge for possession of one to four grams of a controlled substance that was listed on the State's notice of intent to introduce extraneous offenses, Appellant acknowledged that he had gone to prison once for a drug offense and said that it may have been in 2002, and the trial court was aware that Appellant had previously served a six-year term and questioned him about serving that sentence. Appellant argues that he could have been talking about a misdemeanor drug offense that could not have been used for enhancement. While it is true that there were three possession of marijuana charges from the 2000's listed on the State's notice of intent to introduce evidence of extraneous offenses, and each was for a Class B misdemeanor for possession of less than two ounces, which could not have been used for enhancement, the dialog between the State and Appellant makes it clear that they were not discussing these misdemeanor cases. The State clearly asked about the possession of one to four grams of a controlled substance charge and Appellant admitted that he had been to prison once for a drug charge. This, combined with the judge's questions regarding how much time Appellant served of his six-year sentence, indicate that they were not discussing the misdemeanor marijuana offenses. It was not disputed that Appellant had only one charge for possession of one to four grams of a controlled substance, that he had been convicted and been to prison for this one drug charge, and that he had received a six-year term and had served three years of it in prison and three on parole. Thus, the trial court could reasonably conclude that this one drug conviction for possession of one to four grams of a controlled substance in the 2000's was the September 23, 2002 offense alleged for enhancement. A rational trier

of fact could have found the existence of the conviction alleged for enhancement and Appellant's link to the conviction beyond a reasonable doubt.

## CONCLUSION

We will not apply a presumption that Appellant pled "true" to the enhancement allegation, but the evidence did support the trial court's finding of "true." The trial judge did not err in concluding that the prior conviction for possession of one to four grams of a controlled substance that was alleged in the enhancement paragraph of the indictment exists and that Appellant was linked to that conviction. The judgment of the court of appeals is reversed.

Delivered: April 6, 2016
Publish