**Opinion filed August 3, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00209-CR
_____

## JOE ANGEL HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. B-44,526**

### M E M O R A N D U M   O P I N I O N

The jury found Joe Angel Hernandez guilty of the felony offense of driving while intoxicated, subsequent offense.[1]    Appellant opted to have the trial court assess his punishment.  During the punishment phase of trial, Appellant pleaded

---

[1]TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West Supp. 2016).

"true" to two enhancement allegations, and the trial court assessed Appellant's punishment at confinement for fifty years.

On appeal, Appellant asserts in his first issue that the trial court erred when it enhanced his sentence because the State failed to prove the required sequence for the enhancement convictions. In his second issue, Appellant asserts that his trial counsel rendered ineffective assistance of counsel during the punishment phase of the trial because trial counsel failed to notice or to object to the improper sequence of the prior convictions. We affirm Appellant's conviction but remand the cause to the trial court for a new punishment hearing.

## I. *Evidence at Trial*

Appellant does not challenge the finding of guilt in this case. At the punishment hearing, the State presented evidence of the two prior felony convictions that were alleged for enhancement purposes—robbery and murder. The robbery conviction took place on October 16, 2000, but the crime was committed in 1999; the murder conviction took place on April 4, 2003, but the crime was committed in 1998.

## II. *Standard of Review*

We review the sufficiency of the evidence presented at the punishment phase of trial under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016); *Young v. State*, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). The *Jackson* standard requires that we examine all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the enhancement allegation to be true beyond a reasonable doubt. *Wood*, 486 S.W.3d at 589; *see Jackson*, 443 U.S. at 319.

A defendant may challenge the sufficiency of the evidence supporting a finding that an enhancement paragraph is true, even if the defendant pleaded true to

the enhancement at the punishment hearing. *Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008) (finding that enhancement paragraph is true is subject to legal sufficiency review); *Mikel v. State*, 167 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

### III. *Analysis*

Appellant asserts that the trial court erred when it enhanced his sentence because the State did not prove the proper sequence for the enhancement convictions. The State has conceded that it failed to prove the proper sequence. We agree. The Court of Criminal Appeals in *Tomlin v. State* outlined that the sequence is as simple as (1) first conviction becomes final; (2) second crime is committed, and defendant is convicted; (3) conviction for the second crime is finalized; and (4) the crime that the defendant is presently charged with is committed. 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). Where no evidence is shown that the offenses were committed and finalized in the proper sequence, the defendant's sentence cannot be enhanced under the State's habitual offender statute. *Jordan*, 256 S.W.3d at 291.

Where, as here, the State has failed to prove the chronological sequence of the punishment enhancement allegations, the deficiency will never be considered harmless. *Id.* at 292. In Appellant's case, the evidence reflects that he committed both prior offenses before either conviction became final. Because the State has failed to satisfy its burden to prove the enhancement allegations in sequence, we must remand the cause for a new punishment hearing. *See Id.* at 292–93. We sustain Appellant's first issue. In light of the resolution of this issue in favor of Appellant, we need not address his second issue.

### IV. *This Court's Ruling*

We affirm the judgment of the trial court as to the conviction of Appellant, but we reverse the judgment insofar as it relates to punishment. We remand this

cause to the trial court for a new punishment hearing.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2016).


MIKE WILLSON

JUSTICE


August 3, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.