In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00163-CR
NO. 09-17-00164-CR

_____

FRANK EDWARD BANKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause Nos. 23604 and 23606

## MEMORANDUM OPINION

Frank Edward Banks appeals his sentence in both of his cases on appeal arguing the evidence is insufficient to support the trial court's "true" finding that Banks had been previously convicted of robbery for purposes of enhancement of his

range of punishment in the underlying case. We find the evidence sufficient to support the trial court's finding and affirm the trial court's judgments.[1]

## Background

Banks pled guilty to both underlying charges in the appeals before us. One charge was for the third-degree felony assault on a public servant, and the other charge was the third-degree felony of retaliation. *See* Tex. Penal Code Ann. § 22.01(a), (b)(1) (West Supp. 2018),[2] § 36.06(a), (c) (West 2016). Both of these charges carry a punishment range of two to ten years and a fine up to ten thousand dollars. *Id.* § 12.34 (West 2011). The State sought to enhance the penalties for these offenses based on two prior felony convictions, resulting in an increase of the punishment range to twenty-five years to life in prison. *Id.* § 12.42(d) (West Supp. 2018).

After pleading guilty to the charges, the punishment phase of Banks's trial to the bench began. Banks pled "not true" to the first enhancement which alleged he was convicted for the felony offense of robbery on or about March 5, 2007, in trial cause number 18241, in the 88th District Court of Hardin County, Texas. Banks also

---

[1] We consolidated appellate cause numbers 09-17-00163 and 09-17-00164 as the trial court also consolidated the proceedings by conducting one punishment hearing and Banks's appellate briefs in both appeals argue the identical issue.

[2] We cite to the current version of the Texas Penal Code as any amendments made to the Code do not affect the outcome of these appeals.

pled "not true" to the second enhancement allegation regarding his felony conviction of assault on a public servant that occurred on or about November 12, 2015, in trial cause number 23280 in the 356th District Court of Hardin County, Texas.

Initially, at the request of the State and over the objection of defense counsel, the trial court took judicial notice of the judgment the trial court signed while presiding over the prior proceeding in cause number 23280 regarding Banks's conviction for felony assault on a public servant. The trial court also took judicial notice, over defense counsel's objection, of a Pre-Sentence Investigation Report (PSI) used in the prior proceeding, which discussed not only the assault on a public servant in cause number 23280, but also included Banks's criminal history of a prior felony conviction for robbery, in cause number 18241, the second prior felony conviction relied upon by the State to enhance the range of punishment in the cause before this Court.

A deputy clerk from the District Clerk's office of Hardin County testified. The clerk provided the trial court with certified copies of the PSI and the first amended PSI from cause number 23280. Defense counsel objected to the admission of the documents claiming because they were from a prior case, it denied Banks his right to confront the officer completing the PSI reports, and the documents lacked evidentiary value in proving the enhancements alleged in the current two cases for

3

punishment purposes. The State responded, arguing that the PSIs were admitted in a prior hearing and that Banks's defense counsel had the opportunity to object to anything within the PSIs in the prior proceeding. The trial court admitted the two reports.

During cross-examination, Banks presented a copy of a judgment to the deputy clerk which referenced trial cause number 18241 but reflected Frank E. Harmon as the defendant. Banks's mother testified, however, and admitted that Banks went to prison for a robbery in 2007.

After the close of evidence and final arguments, the trial court found the enhancement paragraphs for trial cause numbers 18241 and 23280 to be true. The trial court found Banks guilty of both assault on a public servant and retaliation and sentenced Banks to 99 years in each case, to run concurrently. Banks only appeals the sufficiency of the evidence regarding the trial court's finding that Banks was convicted for the felony offense of robbery that occurred in 2007, as shown in trial cause number 18241.

**Analysis**

"In reviewing the sufficiency of the evidence to support a finding that an enhancement is 'true', we consider all the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found

the essential elements beyond a reasonable doubt." *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). The trier of fact is the sole judge of the weight and credibility of the evidence. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). "We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact." *Wiley v. State*, 388 S.W.3d 807, 813 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Generally, if it is shown on the trial of a felony of the third degree the defendant has previously been finally convicted of two or more felonies other than a state jail felony punishable under section 12.35(a), on conviction the defendant shall be punished as a habitual offender subject to a punishment range of twenty-five years to life. *See* Tex. Penal Code Ann. § 12.42(d); *see also* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2018) (explaining state jail felony punishment which is inapplicable here).

To establish that the defendant has been convicted of each prior offense, the State must prove respective to that offense that (1) a prior, final conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* at 922.

Although defense counsel objected to the trial court taking judicial notice of prior proceedings he conducted and the PSIs admitted from cause number 23280, which certified copies were included in the court's file and produced in the cases by a deputy clerk with Hardin County's District Clerk's office, the trial court took judicial notice of the evidence. Included on a list of Banks's criminal history in Texas, both the original and amended PSIs listed Banks's 2007 robbery conviction in Hardin County, Texas, for which he served four years in prison with the Texas Department of Criminal Justice. Despite the deputy clerk agreeing that a judgment she reviewed indicating trial cause number 18241 named a defendant other than Banks, Banks's mother acknowledged Banks went to prison for committing robbery in 2007.

Although Banks frames his issue as a lack of evidence to support the enhancement allegation that he was convicted for committing robbery in 2007, the argument identifies a conflict of fact or inconsistency in the evidence that lies wholly within the province of the trier of fact to resolve. The trial court, as factfinder, was entitled to believe the PSI reports from the prior case which listed the 2007 robbery conviction with time served in prison along with Banks's mother's testimony recalling Banks being imprisoned in 2007 for robbery.

We hold the evidence is legally sufficient to support the trial court's finding that the enhancement allegation contending Banks committed the felony offense of robbery in 2007, in trial cause number 18241, in Hardin County, Texas, was true. We overrule Banks's sole issue in his appeals and affirm the trial court's judgments.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 21, 2018
Opinion Delivered January 23, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.