**Affirmed and Memorandum Opinion filed August 18, 2020.**



**In The**

## Fourteenth Court of Appeals

---

### NO. 14-18-00941-CR

---

**LEONARD JENKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 78683-CR**

---

## M E M O R A N D U M   O P I N I O N

Appellant Leonard Jenkins, an inmate with two years left to serve on his sentence for an aggravated-robbery conviction, was sentenced to an additional eight years of confinement after pleading "guilty" to third-degree felony offense of harassment by a person in a correctional facility, which stemmed from appellant's spitting on a correctional-facility employee (hereinafter, "Spitting Offense"). In this appeal, he complains that the trial court abused its discretion during the punishment phase by admitting an exhibit offered to prove a previous aggravated-

robbery conviction.    We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

After engaging in a series of spitting incidents while incarcerated, appellant was indicted for the Spitting Offense. He pleaded "guilty" to the charge, and "not true" to the two enhancement paragraphs contained in the indictment. After waiving his right to a jury trial, appellant appeared before the judge for his punishment hearing.

The State put on evidence of three instances in which appellant spat on officers and employees at a correctional facility (Darrington Unit).  The State then called Harold Haywood, an expert witness in fingerprint examination employed by the Brazoria County District Attorney's office. Haywood took appellant's fingerprints at trial and then offered testimony about the prior conviction related to the first enhancement paragraph, which the State later abandoned. As the questions turned to the subject of the conviction described in the second enhancement paragraph, the State offered Exhibit 9, which contained the following items:

> 1. a sworn affidavit from the Chairman of Classification and Records for the Texas Department of Criminal Justice – Correctional Institutions Division purporting to authenticate records kept in the regular course of business within his office pertaining to "inmate Jenkins, Leonard" and "cause# 080371X";
>
> 2. headshot photographs of a man identified in the captions as "Jenkins, Leonard D" kept by the division;
>
> 3. a Nunc Pro Tunc Judgment of Conviction for an "aggravated robbery" offense on "August 13, 2008," pertaining to a judgment entered on "4/27/2009." The Nunc Pro Tunc Judgment indicates that it was signed by the trial judge on May 21, 2009;
>
> 4. a card containing inked fingerprints associated with "Jenkins, Leonard Demond"; and
>
> 5. a copy of an indictment containing an interlineation changing the

date of the offense from on or about August 23, 2008 to on or about August 13, 2008. The interlineation is intialed "WH" and dated "2-9-09".

Appellant's counsel objected to the admission of Exhibit 9 as "void" due to a "material variance." Appellant argued that from the face of the document the interlineation was improper, made without appellant's knowledge, and made after appellant pleaded "guilty." The trial court overruled the objection. Haywood testified that the prints matched appellant's fingerprints taken earlier in the day.

Appellant took the stand, and testified that he had pleaded guilty to an aggravated robbery committed "on the 3rd day," presumably August 3, 2008. He testified that while he was serving his sentence for the offense, he learned that the Nunc Pro Tunc Judgment recited that the offense occurred on August 13, 2008. He testified that he took issue with the modified Amended Indictment, asserted his innocence, and filed multiple pro se writs challenging the conviction with no success.

At the conclusion of trial, the trial court accepted appellant's plea of guilty for the Spitting Offense, found the allegations in the second enhancement paragraph true, and assessed punishment at eight years' confinement. Appellant then filed this appeal, raising a single issue.

## II. ISSUES AND ANALYSIS

Appellant asserts that the trial court abused its discretion during his punishment hearing when it admitted Exhibit 9, which the State offered to prove the second enhancement paragraph relating to the 2009 aggravated-robbery conviction.

A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim.

3

App. 2018). Under this standard, we will uphold the decision as long as it falls within the "zone of reasonable disagreement." *Id*.

Article 37.07 of the Code of Criminal Procedure governs the admission of evidence during the punishment phase of trial, and specifically allows the State and the defendant to offer evidence of "any matter the court deems relevant to sentencing . . . ." Tex. Code Crim. Proc. art. 37.07, § 3(a)(1); *Thomas v. State*, 551 S.W.3d 382, 385 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). In this context, evidence is relevant to sentencing if it aids the trier of fact in determining the appropriate punishment for a particular defendant in a particular case. *Beham v. State*, 559 S.W.3d 474, 479 (Tex. Crim. App. 2018).

To show that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that the prior conviction exists and that the defendant is linked to the conviction, but no specific manner of proof is required to establish these two elements. *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016). Both the Penal Code and Code of Criminal Procedure allow for the consideration of a defendant's prior criminal record, and neither require that a specific document be introduced as evidence. *Wood*, 486 S.W.3d at 588. The State may introduce documents, admissions, stipulations, or testimonial evidence sufficient to prove that the defendant was convicted of the offense set forth in the enhancement allegation. *Id*. at 921–22. The trier of fact may consider all the evidence from each source to determine whether the State has met its burden to prove the enhancement allegation. *Id*.; *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007). Once the State links the defendant to a prior judgment, the burden shifts to the defendant to prove the judgment is void. *Sample v. State*, 405 S.W.3d 295, 301 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Wise v. State*, 394 S.W.3d 594, 598 (Tex. App.—Dallas 2012, no pet.) ("Once the State

4

provides prima facie evidence of an enhancement conviction, we presume the regularity of the judgment related to that prior conviction.")

The indictment names "Leonard Jenkins" as the "defendant" and its second enhancement paragraph states:

> the defendant committed the felony of Aggravated Robbery and was convicted on or about the 27th day of April, 2009, in Cause Number 08-0371X, in the 71th Judicial District Court of Harrison County, Texas

Appellant contends that the Nunc Pro Tunc Judgment and the Amended Indictment in Exhibit 9 together reveal an unauthorized, post-plea alteration to the indictment. The essence of appellant's argument is that the changed date in the indictment was made without appellant's prior knowledge, rendering Exhibit 9 so unclear or fatally flawed that the Nunc Pro Tunc Judgment is facially void, and therefore its "contents cannot be directly and logically linked to the second enhancement paragraph."

The Nunc Pro Tunc Judgment and Amended Indictment both establish that a prior conviction existed consistent with the one described in the second enhancement paragraph and that appellant was linked to that conviction. The affidavit verifies that the records pertain to an individual by appellant's name and states the cause number. The headshots captioned with appellant's name, and the fingerprints accompanied by Haywood's testimony, show that a prior conviction matching the one identified in the second enhancement paragraph existed and that appellant was linked to it. These documents and photographs refer to a defendant named Leonard Jenkins, name the same aggravated-robbery offense, and cite the same cause number as alleged in the second enhancement paragraph. Importantly, the only date in the enhancement paragraph is the date of conviction, which is the same date in the judgment.

5

If the prior conviction were shown to be void, as appellant suggests, that might render it irrelevant as punishment-phase proof. *See Johnson v. State*, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987). But even accounting for the handwritten interlineation in the amended indictment and the correction in the Nunc Pro Tunc Judgment, these items do not compel the conclusion, as appellant argues, that the aggravated-robbery conviction is void.

The indictment contained in Exhibit 9 appears to be altered by "WH" such that the typewritten "23rd" is crossed out with "13th" handwritten and interlineated to amend the offense date in the indictment from on or about August 23, 2008 to on or about August 13, 2008. Such amendments are permitted by the Criminal Code of Procedure. *See* Tex. Code Crim. Proc. art. 28.10, 28.11; *see also Riney v. State*, 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000).

The Judgment Nunc Pro Tunc in Exhibit 9 provides a layer of complexity in interpreting the procedural history of events. The purpose of a judgment nunc pro tunc is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012). The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Id.* at 898. Here, the correction the trial court made through its judgment nunc pro tunc is not apparent from the record—which does not include the original prior judgment. It is possible that the purpose of the modification is, as appellant suggests, to modify the offense date. But even if it were, the handwritten modification, dated "2-9-2009", shows that on April 27, 2009, when the trial court imposed the sentence and rendered judgment, the modification already had been made. Appellant himself agreed while testifying that from the face of the

6

Amended Indictment it appeared that the judge had changed the date in February of 2009. Under these circumstances, the trial court did not abuse its discretion by impliedly concluding that the conviction is not void so as to render Exhibit 9 irrelevant. *See Wise v. State*, 394 S.W.3d at 598. (explaining that the State's prima facia case triggers a presumption of regularity of the judgment related to the prior conviction).

Because the evidence of the conviction is facially valid and directly relates to the enhancement paragraph, we cannot say the trial court's decision to admit Exhibit 9 falls outside the zone of reasonable disagreement. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). We therefore overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Do Not Publish — TEX. R. APP. P. 47.2(b).