**Opinion filed September 29, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00017-CR
_____

### ERIC EVERETT LOWRY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13010-D**

### M E M O R A N D U M   O P I N I O N

Eric Everett Lowry, Appellant, appeals his convictions for assault of a public servant and for theft. *See* TEX. PENAL CODE ANN. §§ 22.01, 31.03 (West 2019 & Supp. 2021). Regarding punishment, Appellant pled "True" to an enhancement of the assault-of-a-public-servant charge to which the jury then found "True," and as to theft, the jury found accusations of two prior convictions to be true. Appellant was sentenced to confinement in the Institutional Division of the Texas Department

of Criminal Justice for thirteen years for assault of a public servant and eight years for theft, to run concurrently. Appellant was granted an out-of-time appeal by the Texas Court of Criminal Appeals for these convictions.[1]

*Factual and Procedural History*

On September 13, 2017, Abilene Police Officer Carye Adkins responded to a call for an emergency welfare check that was updated to indicate that the subject was acting in an aggressive manner. Upon arrival, Officer Adkins identified Appellant at the scene as the subject described in the welfare call. Appellant approached Officer Adkins while "flexing his arms and clenching his fists." Officer Adkins got out of his patrol car and instructed Appellant to back up and stop. Appellant ignored the commands and continued to advance toward Office Adkins. Officer Adkins took several steps away from his vehicle and deployed his TASER, but it was ineffective. Appellant pushed the driver side door of the patrol car closed as he advanced, then turned around, opened the door, and got into the vehicle. Officer Adkins "immediately jumped in on top of" Appellant to gain control both of Appellant and of the patrol vehicle.

The State provided video footage from Officer Adkins's dash camera and body camera (State's Exhibit Nos. 1 and 2, respectively), which showed the struggle between Appellant and Officer Adkins, as well as the forward movement of the patrol car. The patrol vehicle traveled down the street, almost colliding with a mailbox, a person, and another patrol vehicle. Officer Adkins testified that Appellant's foot was on the gas pedal and that the two were wrestling over the steering wheel and the gear shifter. Officer Adkins indicated that during the struggle,

---

[1]We note that the jury also found Appellant guilty of the misdemeanor offense of resisting arrest. However, the Court of Criminal Appeals did not grant Appellant's request for permission to file an out-of-time appeal as to the conviction for resisting arrest. Appellant's conviction in count two is therefore not before us.

Appellant punched him in the head and face and that he felt pain from the punches. Officers Brady Hogue and Brady Broyles arrived on the scene to assist, and both testified that they witnessed Appellant strike Officer Adkins. Officer Broyles entered the patrol vehicle from the front passenger side and assisted Officer Adkins in gaining control of Appellant by using his TASER. Officers Adkins and Hogue pulled Appellant out of the vehicle and subdued him.

Appellant testified and admitted to the jury that on September 13, 2017, he purchased and smoked marihuana in Abilene. Appellant said that he blacked out after smoking the marihuana and that he did not remember anything about the events that had occurred that day—until he reviewed the body and dash camera video recordings. Appellant told the jury he had never had that sort of reaction when smoking marihuana in the past, that he did not know that it had been "laced" with a chemical, but that the marihuana must have been chemically enhanced. Appellant stated that he did not intend to strike any officers or steal a police car, but he admitted that he was trying to resist the officers and that, based on the video, when he got into the patrol car, he was trying to get away. Appellant also acknowledged that the videos show him "trying to control the car" and that it also appeared that he was the one steering the car during the confrontation.

Following the close of evidence, the jury found Appellant guilty of assault of a public servant and theft. Appellant's two issues presented for review on appeal both relate to the sufficiency of the evidence. In Appellant's first issue, he alleges that the evidence was insufficient to prove that he possessed the mental state necessary to establish guilt for the crime of assault of a public servant. In Appellant's second issue, he alleges that the evidence was insufficient to establish the fair market value of the stolen property and insufficient to prove that he possessed the mental state necessary for the crime of theft. We first address

Appellant's issue regarding mental state for both crimes together, and we then address the issue raised as to the fair market value of the patrol car.

*Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288−89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Brooks*, 323 S.W.3d at 895; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight that their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential to the factfinder's resolution of conflicts in the testimony, the weight afforded the evidence, and reasonable inferences drawn from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clement v. State*, 248 S.W.3d 791, 796 (Tex. App.—Fort Worth 2008, no

pet.).  Accordingly, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination.  *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525−26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

*Requisite Mental State and Intoxication*

Both the offenses of assault and theft require that the person committing the offense possess the mental state outlined in the statute.  Under Section 22.01 of the Texas Penal Code, a person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another.  PENAL § 22.01(a)(1).  When committed against a public servant while the public servant is lawfully discharging a public duty, this offense is a third-degree felony.  *See id.* § 22.01(b)(1).  Regarding theft, under Section 31.03 of the Texas Penal Code, "a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property."  That offense is a state jail felony if "the value of the property stolen is $2,500 or more but less than $30,000."  *See id.* § 31.03(e)(4). Voluntary intoxication does not constitute a defense to the commission of a crime, and it does not negate the elements of intent or knowledge.  *See id.* § 8.04(a) (West 2021); *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. [Panel Op.] 1980); *Simmons v. State*, No. 11-10-00103-CR, 2012 WL 1470184, at *2 (Tex. App.— Eastland April 26, 2012, no pet.).

Appellant's primary argument on appeal is that, because he blacked out on the day of the offense, he did not act voluntarily and was not able to form the culpable mental state required by the statute for the offenses of assault of a public servant or theft.  Appellant testified that he willingly and knowingly chose to purchase and smoke marihuana on September 13, 2017.  Appellant told the jury that he did not know that the marihuana was enhanced by any chemical but that he had never experienced the sort of reaction that he had on that day, where he was unable to

remember his actions after smoking marihuana. Despite this testimony, Appellant also testified that he resisted officers in their attempt to subdue him, that he got into the police car to "get away," that he was steering the vehicle during the incident, and that the person steering has control of the vehicle. Appellant also testified that he believed the three testifying officers lied when they said he punched any officer in the face; that, before reviewing the videos, he had no recollection of the incident; and that he believed a sober person to be a more reliable witness than someone on drugs. Thus, although Appellant argues on appeal that his intoxication prevented him from knowing what he was doing, the jury makes the ultimate determination regarding conflicting evidence and the credibility of witnesses.

Based upon the evidence presented in this case, a reasonable trier of fact could have determined that Appellant had the required mental state for both assault of a public servant and theft. Additionally, the jury was free to reject the veracity of Appellant's denial of foreknowledge that the marihuana had been, in some way, chemically enhanced. He did not deny voluntarily purchasing and smoking the controlled substance. Voluntary intoxication is not a defense and does not negate *mens rea*. *See* PENAL § 8.04(a); *Hawkins*, 605 S.W.2d at 589. Appellant's first issue, and second issue as it relates to mental state, are overruled.

*Fair Market Value*

Appellant also alleges in his second issue that the Depreciation Report admitted as State's Exhibit No. 8 was insufficient to prove the market value of the police vehicle. Cheri Carter testified that in September 2017, police vehicle number 4238 was worth $3,000. The State established that Carter was the custodian of such records for the City of Abilene and that these records were maintained in the ordinary course of business. The document was admitted without objection from defense counsel, and Carter confirmed that the estimated value of the vehicle did not include items such as "computers, radio equipment, firearms," or other items in the car. A

6

photograph of patrol vehicle number 4238 was admitted into evidence in State's Exhibit No. 3. Detective Adkins confirmed during his testimony that the patrol vehicle pictured in State's Exhibit No. 3 was the vehicle he was assigned on the day of the offense and that its number was 4238. Although Appellant claims on appeal that this evidence is conclusory because there was no testimony regarding how the depreciation of the vehicle was calculated, by his own admission, he did not raise any objection to the testimony during trial. Based on the evidence provided to the jury that depreciation reports were calculated monthly and that the vehicle number on the report matched the number of the patrol vehicle involved in the crime, a rational trier of fact could have determined beyond a reasonable doubt that the estimated value of the vehicle was $3,000 at the time of the offense. *See Zuniga*, 551 S.W.3d at 732. Thus, the evidence was sufficient to support the jury's verdict that the fair market value of the property was at least $2,500, but less than $30,000, as required under Section 31.03(e)(4) of the Texas Penal Code. We overrule the remainder of Appellant's second issue.

## Modification of Judgment

While we overrule Appellant's two issues on appeal, we note that the trial court's judgments contain clerical errors.[2] This court has the authority to modify a judgment to correct a clerical error when the evidence necessary to correct the judgment appears in the record. *See* TEX. R. APP. P. 43.2; *Arndt v. State*, No. 11-20-00032-CR, 2021 WL 5934652, at *3 (Tex. App.—Eastland Dec. 16, 2021, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). In the Judgment of Conviction for count one—assault of a public servant—the record reflects that Appellant pleaded "True" to the enhancement allegation and that the jury found the

---

[2]We recognize that there was also an error in the penal code number for the Judgment of Conviction for count two; however, as the out-of-time appeal was not granted as to count two, we do not modify the judgment for count two in this opinion.

allegation to be true. However, the judgment does not reflect this information. We modify the judgment for count one to reflect "TRUE"—to both Appellant's plea and the jury finding—with respect to the "1st Enhancement Paragraph."

With respect to the Judgment of Conviction for count three—theft—the record reflects that the jury convicted Appellant of a state jail felony, not a third-degree felony. *See* PENAL § 31.03(e)(4); *see also id.* § 12.425(a) (providing for the *punishment range*, not the degree of the offense, to be enhanced to that for a third-degree felony). We modify the judgment for count three to reflect that the "Statute for Offense" is "Texas Penal Code § 31.03(e)(4)" and that the "Degree of Offense" is "STATE JAIL FELONY." Further, with respect to Appellant's plea to the two enhancement paragraphs, we modify both to read "PLEADED NOT TRUE." *See Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016) (plea of true is not to be presumed).

*This Court's Ruling*

As modified by this opinion, we affirm the trial court's judgments in counts one and three.


W. BRUCE WILLIAMS
JUSTICE


September 29, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.