

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00131-CR

---

JAMES HENRY ELROD, III, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29422

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Lamar County jury convicted James Henry Elrod, III, of the unauthorized use of a motor vehicle, enhanced as a habitual offender.[1] Elrod appeals, claiming that the trial court erred in denying his motion to suppress because he validly invoked his right to counsel.[2] Elrod further claims that there was no evidence to support an enhancement pursuant to Section 12.42(b) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(b). Because we find (1) that the trial court did not err in refusing to suppress Elrod's recorded interrogation and (2) that Elrod was not prejudiced by the inclusion of the incorrect enhancement statute and range of punishment on the State's notice of enhancement, we affirm the trial court's judgment.

## I. No Error in Denying Elrod's Motion to Suppress

Because we set out the facts of this case in our opinion in companion cause number 06-22-00130-CR, styled *James Henry Elrod, III v. The State of Texas*, issued the same date as this opinion, we do not repeat them here. In that case, we addressed in detail Elrod's claim that the trial court erred in denying his motion to suppress and concluded that the trial court did not err in denying Elrod's motion. For the reasons stated in cause number 06-22-00130-CR, we conclude that the trial court did not err in denying Elrod's motion to suppress in this case.

## II. Immaterial Variance and Evidentiary Sufficiency

In his second point of error, Elrod argues that there was no evidence to support an enhancement finding as noticed by the State, pursuant to Section 12.42(b) of the Texas Penal

---

[1] TEX. PENAL CODE ANN. §§ 31.07, 12.425(b).

[2] Elrod's brief claims that Elrod invoked his Sixth Amendment right to counsel. Nevertheless, the briefing relies primarily on Fifth Amendment right to counsel jurisprudence, as is appropriate.

2

Code. He complains that the State's notice of intent to seek an enhanced sentence as a habitual offender erroneously relied on Section 12.42(b) of the Texas Penal Code.[3] He is correct in this assertion. The unauthorized use of a motor vehicle is a non-aggravated state jail felony. TEX. PENAL CODE ANN. § 31.07(b). The punishment range for a non-aggravated state jail felony is no more than two years or less than 180 days. TEX. PENAL CODE ANN. § 12.35(a). Punishment for a non-aggravated state jail felony cannot be enhanced under Section 12.42(b). *See* TEX. PENAL CODE ANN. § 12.42(b).[4] Instead, punishment for a non-aggravated state jail felony is properly enhanced pursuant to Section 12.425 of the Texas Penal Code, which provides, in relevant part:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than

---

[3]The State's enhancement notification stated:

Pursuant to the provisions of the Texas Penal Code, Section 12.42(b), and at the punishment phase of the above styled and numbered cause if the Defendant is convicted of a lesser included offense, the State of Texas intends to offer evidence of the final felony adjudications as follows:

| NAME: | **JAMES HENRY ELROD, III** |
|---|---|
| OFFENSE: | ELUDING/ ATTEMPTING TO ELUDE POLICE |
| DATE OF FINAL ADJUDICATION: | JUNE 4, 2012 |
| COURT OF ADJUDICATION: | |
| CAUSE NO.: | CF-2009-395 |

| NAME: | **JAMES HENRY ELROD, III** |
|---|---|
| OFFENSE: | POSSESSION OF METHAMPHETAMINE |
| DATE OF FINAL ADJUDICATION: | APRIL 3, 2017 |
| COURT OF ADJUDICATION: | |
| CAUSE NO.: | CR-2016-307 |

[4]Section 12.42(b) provides:

Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree.

TEX. PENAL CODE ANN. § 12.42(b).

3

> a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b). Elrod complains that, as a result of the State's erroneous enhancement notification, the evidence at trial was insufficient to support the enhancement findings. We disagree with this assertion.

During the guilt/innocence phase of the trial, Elrod admitted to having committed the crimes listed in both enhancements and to serving prison time for each. During the punishment phase, Elrod entered pleas of "true" to both enhancements. He also agreed to a ten-year sentence to run concurrently with the sentence of life without parole in his capital murder case. Finally, counsel for Elrod stated,

> [F]or record purposes, the second case ending in 2 is an unauthorized use of a motor vehicle. My client is pleading also true to the two enhancement paragraphs. That would raise it up to the second-degree level, Your Honor, 2 to 20 and that's why he's pleading guilty and true to those -- well, he's been found guilty but he's pleading true to those enhancement paragraphs. I want to make that clear for the record so that the sentence is 10 years in [the Texas Department of Corrections], Your Honor.

"Regardless of whether one views a variance as a sufficiency of the evidence problem or as a notice-related problem, a variance that is not prejudicial to a defendant's 'substantial rights' is immaterial." *Williams v. State*, 356 S.W.3d 508, 516 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Hart v. State*, 173 S.W.3d 131, 144 (Tex. App.—Texarkana 2005, no pet.)); *see Gaffney v. State*, No. 06-11-00269-CR, 2012 WL 3030301, at *3 (Tex. App.—Texarkana July 26, 2012, no pet.) (mem. op., not designated for publication). With the exception of the statute number and erroneous range of punishment listed on the notice, the allegations identifying the offense, the

cause number, and the date are correct. Elrod acknowledged as much. Finally, the record does not reflect that the notice's incorrect statute number and range of punishment prevented Elrod from identifying the convictions and preparing a defense. To the contrary, Elrod acknowledged that he spent time in prison as a result of the prior offenses and pled true to the enhancement allegations. "A plea of 'true' will satisfy the State's burden of proving an enhancement allegation, but there must be affirmative evidence in the record showing that the defendant entered a plea of 'true.'" *Wood v. State*, 486 S.W.3d 583, 587–88 (Tex. Crim. App. 2016). Here, the record affirmatively shows that Elrod pled "true" to both enhancement paragraphs. Elrod also agreed to serve a ten-year sentence, concurrent with his life sentence for capital murder, based on the enhancements.

Because Elrod was not prejudiced by the inclusion of the incorrect enhancement statute and range of punishment on the State's notice of enhancement, we overrule this point of error. Nevertheless, we find it necessary to modify the judgment to "make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). The judgment indicates that the statute for the offense of conviction is "Texas Penal Code, Section 31.07 and 12.42." We modify the judgment to reflect that the statute for the offense is "Texas Penal Code, Sections 31.07 and 12.425(b)."

5

As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     June 14, 2023
Date Decided:       July 12, 2023

Do Not Publish