

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00239-CR
No. 07-22-00240-CR

**RAMIRO MARTINEZ GUZMAN, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 47th District Court
Potter County, Texas
Trial Court Nos. 078942-A-CR, 078949-A-CR, Honorable Dee Johnson, Presiding

June 12, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Ramiro Martinez Guzman, Jr., was convicted by a jury of possession of methamphetamine in an amount of one gram or more but less than four in cause number 078942-A-CR and of possession of morphine in an amount of one gram or more but less than four in cause number 078949-A-CR.[1] Both offenses are third degree felonies. The convictions were enhanced by two prior felonies

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

elevating punishment under section 12.42(d) of the Texas Penal Code to twenty-five to ninety-nine years' confinement. After Appellant elected to have the trial court assess punishment, he was sentenced to fifty years' confinement in each cause to be served concurrently. By a sole issue, he contends the evidence is insufficient to prove his 1993 theft conviction was eligible to enhance his punishment. We affirm.

## BACKGROUND

Pursuant to a law enforcement operation to search for individuals with active warrants, Appellant was stopped near his residence and arrested. A search of his vehicle revealed he was in possession of substances later determined to be methamphetamine and morphine. His indictments in each case contained the same two enhancement paragraphs as follows:

### ENHANCEMENT PARAGRAPH ONE

And the Grand Jury further presents that before the commission of the primary offense, the defendant was finally convicted of the felony offense of Burglary of a Habitation in cause number 25,642-A of the 47th District Court of Potter County, Texas on the 2nd day of July, 1987.

### ENHANCEMENT PARAGRAPH TWO

And the Grand Jury further presents that before the commission of the primary offense, and after the conviction alleged in Enhancement Paragraph One was final, the defendant was finally convicted of the felony offense of Theft in cause number 31,012-B of the 181st District Court of Potter County, Texas on the 30th day of July, 1993.

A jury convicted Appellant of both primary offenses, but he elected to have punishment assessed by the trial court. During the punishment phase, the State, via a police officer, introduced certain exhibits to link Appellant to the two prior convictions

2

alleged in the indictments. Following presentation of the punishment evidence and closing arguments, the trial court found the enhancement paragraphs in each case to be true and sentenced Appellant as noted above.

## APPLICABLE LAW

A defendant is entitled to notice of a prior conviction which the State intends to use for enhancement purposes. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997); *Jones v. State*, Nos. 07-10-00226-CR, 07-10-00227-CR, 2011 Tex. App. LEXIS 2304, at *1–2 (Tex. App.—Amarillo March 30, 2011, no pet.) (mem. op., not designated for publication). While the State is permitted to provide notice of such enhancements in an indictment, it is not required to do so. *Brooks*, 957 S.W.3d at 34.

Section 12.42(d), the habitual offender statute, provides as follows:

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

TEX. PENAL CODE ANN. § 12.42(d).

In 1992, when Appellant was charged and in 1993 when he was convicted of the theft used for enhancement in the primary offenses, section 31.03(e) provided as follows:

> Except as provided by Subsection (f) of this section, an offense under this section is:

***

3

(4) *a felony of the third degree if*:

\*\*\*

  (E) the value of the property stolen is less than $750 and the defendant has been *previously convicted two or more times of any grade of theft* . . . .

(Emphasis added).  *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 565, § 1, 1991 TEX. GEN. LAWS 2003.

## SUFFICIENCY OF THE EVIDENCE TO SUPPORT PUNISHMENT ENHANCEMENT

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011).  *See also Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019).  Under that standard, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

## ANALYSIS

By his original and reply brief,[2] Appellant questions whether the State presented sufficient evidence to show that his 1993 theft conviction was eligible to support

---

[2] During oral argument, Appellant maintained the State failed to prove his 1993 theft conviction was a felony other than a state jail felony.  The State requested permission to provide this Court with additional

4

enhancement of his punishment under the habitual offender statute. Specifically, he asserts the summary portion of the judgment for the 1993 theft conviction "does not contain any information proving the felony offense level" but merely recites "felony theft, enhanced." He also points out the trial court, when pronouncing sentence, improperly referred to the theft conviction as a "state jail felony by definition" and that the prosecutor's closing argument also referred to the theft as a state jail felony.[3] He concludes the primary offenses for possession, which were both third degree felonies, would have resulted in punishment as a second degree felony with a maximum sentence of twenty years had the 1993 theft conviction not been used for enhancement. He also asserts that a plea of true to the 1993 theft conviction reflected in judgments for 2009 convictions for tampering with evidence and state jail felony theft did not relieve the State from having to prove beyond a reasonable doubt that he did in fact plead "true." We disagree with Appellant's arguments.[4]

Critical to evaluating Appellant's sufficiency argument is the classification of Appellant's 1993 theft conviction for an offense committed in 1992. Also at issue is the veracity of his plea of "true" to that conviction which was used for enhancement purposes in the 2009 convictions. In 1992, section 31.03 of the Penal Code provided that two prior

---

authorities. Permission was granted for both parties to file supplemental briefs. Their supplemental arguments and authorities will be addressed throughout this opinion.

[3] In 1993, the Legislature amended section 31.03(e) to reduce punishment for certain thefts from a third degree felony to a state jail felony. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 TEX. GEN. LAWS 3586, 3637. The change became effective September 1, 1994. *Id.* at 3766.

[4] Appellant also argues that had he elected to have the jury assess punishment, a proper instruction would have been given in accordance with the Texas Pattern Jury Charge and the jury would have found the evidence insufficient to prove his prior theft conviction was eligible to enhance punishment. However, he elected to have the trial court assess punishment making speculation on what a jury would have found irrelevant.

5

convictions of any grade of theft were considered elements of the primary offense before enhancement of punishment under the habitual offender statute. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003. *See generally Oliva v. State,* 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018) (explaining the practical difference between an enhancement provision that recites an offense "is" a certain degree and one that recites an offense is "punished as"). "Is" creates an offense classification that can serve as the base offense for further enhancement under general enhancement statutes such as section 12.42 whereas "punished as" does not raise the classification; rather, it increases the punishment range. *Id.*

The 1992 indictment charged Appellant with theft of the value of less than $750, at that time a Class A misdemeanor. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003. The portion of the indictment alleging the primary offense further charged Appellant with two prior convictions for theft: one Class B misdemeanor and another Class A misdemeanor. Those prior convictions elevated the primary offense from a Class A misdemeanor to a third-degree felony. The indictment concluded with an enhancement paragraph for a 1987 felony burglary conviction which Appellant does not contest.

To prove that a defendant has been convicted of a prior offense, the State must prove that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Henry v. State*, 509 S.W.3d 915, 918 (Tex. Crim. App. 2016); *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Although a "certified copy of a final judgment and sentence may be a preferred and convenient means" for proving a prior conviction, no specific document or mode of proof is required to prove these elements. *Henry*, 509

6

S.W.3d at 918.  Acceptable evidence may include testimony or other "documentary proof which contains sufficient information to establish that a prior conviction exists and the defendant's identity as the person convicted."  *Id.*  Each piece of evidence used to link a defendant to a prior conviction may be insufficient on its own to prove the required elements, but it is the factfinder's duty to determine if the evidentiary pieces fit together.  *Id.* at 919–20.

The State linked Appellant to the 1993 theft conviction during the punishment phase via testimony from Officer Hodges.  The State introduced several exhibits of prior convictions which were admitted into evidence.  Exhibits 18 and 19 are copies of the 1992 indictment and 1993 conviction for theft, respectively.  The exhibits show Appellant was charged and convicted of "felony theft, enhanced" when the primary offense, a Class A misdemeanor, was elevated to a third degree felony as a matter of law by two prior thefts of any grade.  *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 565, § 1, 1991 TEX. GEN. LAWS 2003.  The trial court also admitted Exhibit 14, a pen packet containing a copy of the 1993 theft conviction which was used to enhance the 2009 conviction for tampering with evidence.  Exhibit 15 is a copy of the indictment charging Appellant with tampering which includes the 1993 theft conviction as "Enhancement Paragraph Two."  It provides Appellant pleaded guilty to the tampering charge, which was enhanced by the 1993 theft conviction, to which he entered a plea of true.

Officer Hodges, who is trained in fingerprint identification, testified he had taken Appellant's fingerprints the previous day and they matched the fingerprints associated with the 1993 theft conviction.  Viewing the evidence in the light most favorable to the verdict and looking at the totality of the evidence as required by *Henry*, 509 S.W.3d at

7

919, we conclude the documentary evidence presented by the State was sufficient to link Appellant to the 1993 felony theft conviction.[5]

When the State seeks to enhance a defendant's sentence by alleging a prior conviction, if, as in the underlying cases, the defendant enters a plea of "not true," the factfinder must determine whether the State has met its burden to establish the prior conviction by making a finding that the enhancement allegation is either "true" or "not true." *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008). To require prior convictions be re-proved beyond a reasonable doubt, however, would be an absurd result, as the very fact of conviction is evidence that the burden of proving guilt beyond a reasonable doubt has already been met in a prior proceeding. *Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). If an offense has been subject to such scrutiny and the burden of proof has been met, regardless of whether the judicial proceeding concluded with a final conviction, it is part of a defendant's criminal record. *Id.*

Appellant relies on *Wood v. State*, 486 S.W.3d 583, 588–89 (Tex. Crim. App. 2016), in support of his argument this Court should not accept his plea of true to the 1993 theft conviction at face value. In *Wood*, the defendant pleaded not guilty to the primary offense, but the record did not reflect that he entered a plea to the enhancement allegation. *Id.* at 589. The trial court, nevertheless, based on a presentence investigation report which was not admitted into evidence, found the enhancement allegation to be true. *Id.* at 584. On appeal, Wood argued there was no basis for the trial court's "true"

---

[5] Appellant argues the omission of the degree of the offense in the summary portion of the judgment of conviction nullified the use of that conviction to enhance punishment under section 12.42(d). He contends the State was required to prove the conviction was for a felony other than a state jail felony. The law in effect at the time, however, made it clear that the conviction was for third-degree felony theft and state jail felony theft did not exist at that time.

finding. The court of appeals agreed and reversed for a new punishment hearing. *Wood v. State*, 453 S.W.3d 488, 492 (Tex. App.—San Antonio 2014)*.* On petition for discretionary review, the State argued for a presumption of regularity under Rule 44.2(c)(4) of the Texas Rules of Appellate Procedure. Rule 44.2(c)(4) provides for a presumption that a defendant pleaded to a charging instrument unless the matter was disputed in the trial court or the record affirmatively shows the contrary. TEX. R. APP. P. 44.2(c)(4). The Court of Criminal Appeals disagreed with the State and declined to apply the presumption of regularity to a judgment reflecting a plea of "true" to an enhancement paragraph. The Court reasoned that without prima facie evidence of the conviction used for enhancement and Wood's not guilty plea to the primary offense, there was an inference he was also disputing the enhancement allegation. *Wood*, 486 S.W.3d at 589. However, the Court agreed with the State that based on the totality of the evidence, it had presented sufficient evidence to show beyond a reasonable doubt that Wood had pleaded true. *Id.*

In the underlying case, Appellant testified during the guilt/innocence phase. He admitted to being on parole for the 2009 tampering conviction and when asked if he had pleaded guilty to tampering, he responded, "[y]ep." Applying the logic of *Wood*, because Appellant did not dispute pleading guilty to the tampering charge, this Court may deduce he did not dispute the 1993 theft conviction used for enhancement, especially considering he was sentenced to twenty-five years. If he had not pleaded true to the 1993 theft conviction, he would only have been exposed to punishment with one prior conviction which would have resulted in a maximum sentence of twenty years. *See* TEX. PENAL CODE ANN. § 12.42(a). Instead, he was sentenced to twenty-five years and did not

9

challenge that sentence. The evidence shows that in 2009, Appellant pleaded true to the 1993 conviction for enhancement purposes in the tampering case and state jail felony theft case. It was insincere for him to plead not true to that same conviction in the underlying offenses. The burden of proving guilt beyond a reasonable doubt of the 1993 conviction had already been met in the 2009 proceedings. *Bluitt*, 137 S.W.3d at 54.

Appellant's insincerity segues into the State's argument that Appellant is estopped from challenging the use of the 1993 conviction for enhancement purposes. The State relies on *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). The *Rhodes* Court noted "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part, on any grounds . . . ." *Id.* In 2009, Appellant's plea of true to the 1993 conviction in the tampering case and in the state jail felony theft case and the trial court's finding of true resulted in imposition of the minimum sentences in each case.[6] As the State notes, Appellant benefitted from those sentences after pleading true in 2009 but then entered pleas of not true to that same enhancement paragraph in the underlying cases. *See Deen v. State*, 509 S.W.3d 345, 351 (Tex. Crim. App. 2017) (explaining estoppel by judgment when a defendant voluntarily accepts the benefits of a judgment). We agree with the State that Appellant is estopped from questioning the veracity of his plea of true.

Regarding Appellant's complaint the trial court erroneously pronounced his 1993 conviction was a "state jail felony by definition," the Court of Criminal Appeals directs that

---

[6] TEX. PENAL CODE ANN. § 12.35(a) (six months to two years for a state jail felony), § 12.42(d) (a minimum of twenty-five years for a double-enhanced felony).

10

under the "right ruling, wrong reason" doctrine, a trial court's ruling must be upheld if it is correct on any legal theory applicable to the case. *See Martell v. State*, 663 S.W.3d 667, 672 (Tex. Crim. App. 2022).[7] Because we have determined the evidence was sufficient to support the punishment assessed under section 12.42(d) and Appellant is estopped from contesting his plea of true to the 1993 theft conviction, we uphold the trial court's ruling. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgments, including the enhanced punishment of fifty years in each case, are affirmed.

Alex L. Yarbrough
Justice

Do not publish.

---

[7] During oral argument, the State conceded the trial court perceived the 1993 theft as a state jail felony under current law. That misperception does not alter the third-degree classification of the 1993 offense.